JS 44   (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| IVY C. KUMI, JOSEPH M. KUMI | NATIONSTAR MORTGAGE LLC., VERIPRO SOLUTIONS INC., and SHELLPOINT MORTGAGE SERVICING |

**(b)** County of Residence of First Listed Plaintiff   Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Keaveney Legal Group, LLC.; 1101 N Kings Hwy, Suite G100, Cherry Hill, NJ 08034

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
Plaintiff
- ☒ 3  Federal Question
*(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
Defendant
- ☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☒ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original
Proceeding
- ☐ 2  Removed from
State Court
- ☐ 3  Remanded from
Appellate Court
- ☐ 4  Reinstated or
Reopened
- ☐ 5  Transferred from
Another District
*(specify)*
- ☐ 6  Multidistrict
Litigation -
Transfer
- ☐ 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
24 C.F.R. § 3500; 12 CFR Part 1024 et seq. and 12 USC Section 2605, 15 U.S.C.A. § 1601 et. Seq.
Brief description of cause:
Common Law Fraud, Deceptive Practices

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
04/13/2017

SIGNATURE OF ATTORNEY OF RECORD
/s/ Thomas Masciocchi

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| IVY C. KUMI, JOSEPH M. KUMI | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| NATIONSTAR MORTGAGE LLC. , | : | |
| VERIPRO SOLUTIONS INC., and | : | NO. |
| SHELLPOINT MORTGAGE SERVICING | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| May 26, 2017 | Thomas Masciocchi | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 800-219-0939 | 856-831-7119 | TMasciocchi @ Keaveney Legal Group.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _210 MAPLE AVE., WYNCOTE PA 19095_

Address of Defendant: _See attached_

Place of Accident, Incident or Transaction: _WYNCOTE PA_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes□   No☑

Does this case involve multidistrict litigation possibilities?   Yes□   No☑
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes□   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes□   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes□   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes□   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. □ Indemnity Contract, Marine Contract, and All Other Contracts
2. □ FELA
3. □ Jones Act-Personal Injury
4. □ Antitrust
5. □ Patent
6. □ Labor-Management Relations
7. □ Civil Rights
8. □ Habeas Corpus
9. □ Securities Act(s) Cases
10. □ Social Security Review Cases
11. ☑ All other Federal Question Cases
(Please specify) _TILA and RESPA_

B. *Diversity Jurisdiction Cases:*
1. □ Insurance Contract and Other Contracts
2. □ Airplane Personal Injury
3. □ Assault, Defamation
4. □ Marine Personal Injury
5. □ Motor Vehicle Personal Injury
6. □ Other Personal Injury (Please specify)
7. □ Products Liability
8. □ Products Liability — Asbestos
9. □ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Thomas Masciocchi_, counsel of record do hereby certify:
☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
□ Relief other than monetary damages is sought.

**DATE:** _May 26, 2017_   _____   _43755_
Attorney-at-Law                          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

**DATE:** _May 26, 2017_   _____   _43755_
Attorney-at-Law                          Attorney I.D.#

CIV. 609 (5/2012)





**UNITED STATES DISTRICT COURT**

**DISTRICT OF PENNSYLVANIA**



**FILED**

MAY 1 8 2017

KATE BARKMAN, Clerk
By_____ Dep. Clerk

| | | |
|---|---|---|
| IVY C. KUMI, JOSEPH M. KUMI | ) | 17   2412 |
| Plaintiffs, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | **CIVIL ACTION COMPLAINT** |
| NATIONSTAR MORTGAGE LLC. , | ) | |
| VERIPRO SOLUTIONS INC., and | ) | |
| SHELLPOINT MORTGAGE SERVICING | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs sue Defendants and by Complaint state:

1. **Parties and Jurisdiction**

    A. Plaintiffs are of majority age residing at 210 Maple Ave., Wyncote, PA 19095,
    (hereafter the "Property").

    B. Defendant Nationstar Mortgage is and was, at all material times hereto, a foreign
    corporation whose corporate domicile and alleged authority to do business in the
    State of New Jersey is unknown, but with its principle place of business located at
    8950 Lypress Walters Blvd., Coppel, TX 75019.

    C. Defendant Veripro Solutions Inc. is and was, at all material times hereto, a foreign
    corporation whose corporate domicile and alleged authority to do business in the
    State of New Jersey is unknown, but with its principle place of business located at
    750 Highway 121 BYP, Suite 100, Lewisville, TX 75067.

D. Defendant Shellpoint Mortgage Servicing. is and was, at all material times hereto, a foreign corporation whose corporate domicile and alleged authority to do business in the State of New Jersey is unknown, but with its principle place of business located at 75 Beattie Pl #300, Greenville, SC 2960.

E. Jurisdiction is based on 28 U.S. Code § 1332(a). The amount in controversy is in excess of $75000.00;

F. Jurisdiction is also based on 28 U.S. Code § 1331 as the issue in controversy arising under the Constitution, laws, or treaties of the United States, specifically: 12 USC Section 2601 et seq. including Regulation Z, which is found at 24 C.F.R. § 3500, as well as: 12 CFR Part 1024 et seq. and 12 USC Section 2605, 15 U.S.C.A. § 1601 et. Seq., and 18 U.S. Code § 1343, and the FDCPRA, 15 U.S.C. § 1601, et. seq.

1. **Background Material Facts**

A. On or about December 19, 2006, the Plaintiffs executed and delivered a note/mortgage upon the Property to Mortgage Electronic Registration System Inc., allegedly as nominee for Countrywide Homes Inc;

B. It is alleged that the aforesaid note/mortgage was assigned by Mortgage Electronic Registration System Inc., as nominee for Countrywide Homes Inc; to Defendant Nationstar Mortgage.

C. At all times relevant and material hereto, the Defendants and all of them, individually and/or jointly were responsible for the serving of the subject note/mortgage identified herein, and therefore individually, jointly and/or severably liable for all of the acts of misconduct as set forth in this Complaint.

D. Alternatively Defendants are liable as successors in interest of the claims made by the Plaintiffs in this Complaint.

E. On or about July 14th, 2014, Defendant Nationstar Mortgage filed a Foreclosure Complaint against the Plaintiffs in the Court of Common Pleas, Montgomery County, Case No. 2014-20634, amended October 30, 2015.

F. In said Complaint filed by Defendant Nationstar Mortgage, it was alleged that the Plaintiffs defaulted on his note/mortgage on November 1, 2013.

G. Prior to and in the course of said litigation, the Plaintiffs made numerous attempts to demonstrate to the Defendants that they were not in default as alleged but to the contrary had been continuously making all payments as required under the debt instrument that had subsequently modified by agreement.

H. The Plaintiffs were offered and accepted a Trial Modification by Nationstar on July 3, 2014, which called for the first payment to be made 08/01/2014 and 2 months thereafter for $2723.57 – with a permanent modification promised.

I. In accordance with the Terms of this Trial Modification, Plaintiffs made the following payments:

| Monthly Payment Due Dates | Date Check Payment Postmarked by Priority Mail Express |
|---|---|
| **#1.** 1st payment for Aug. 2014: due by 8/1/2014 | Check No. 0000249518 in sum of $2,723.57 postmarked 07/25/2014. |
| **#2.** 2nd payment for Sept. 2014: due by 9/1/2014 | Check No. 0000251536 in sum of $2,723.57 postmarked 08/27/2014. |
| **#3.** 3rd payment for Oct. 2014: due by 10/1/2014 | Check No. 0000253484 in sum of $2,723.57 postmarked 09/29/2014. |

J. Said payments were acknowledged as having been received by the Defendants.

K.  In violation of the Terms of the Trial Modification the Defendants refused to accept said payments and returned all of the above payments based solely of the following reason: "check returned by lender to Keaveney Legal Group. Reason for returning check: lender requiring **$32,674.17** to bring a/c up to date."

L.  The return of the Trial Payments along with the aforesaid reason was a direct contradiction and breach of the Terms of the Trial Modification.

M.  The Plaintiffs then proceeded to serve Notices of Error seeking detailed explanations for the return of the above payments and non-honoring of the Trial Modification Plan, to which the Defendants responded in different contradictory manners:

- On **11/14/2014**, in response to a Plaintiffs' Notice of Error, Defendant answered by saying "According to our records, the first trial payment was received on July 28, 2014…When we received the September 1, 2014 trial payment, it had been cancelled by the Philadelphia Credit Union **due to insufficient funds.** Based on this information it was never applied to the account which caused a default in the program…We did subsequently receive payments following that, but at that time the trial payment plan had already been cancelled."
- On **01/06/2015** in response to another Plaintiffs' Notice of Error, Defendant answered by saying "they admit to the offer of the TPP (Trial Period Plan), but go on to say: "However **our records show that no trial payments were received** and the account was **denied as offer not accepted by your clients."**

N.  Numerous follow-up attempts were made by the Plaintiffs to rectify this situation and implement the Trial Modification Plan, all of which were ignored and/or refused by the Defendants.

O.  Desperate and frantic, the Plaintiffs sought the help of Senator Bob Casey, whose office sent an inquiry to the Defendants seeking an explanation as to their conduct.

P.  On December 8, 2015 the Defendants wrote back to Senator Casey wherein they acknowledged the offering of a Standard Modification Trial Period Plan. But they never raise the issue of a NSF check or that the clients were kicked out of the TPP.

In fact they go on to state: "...**the Standard TPP was denied in error. We are currently working on it."**

Q. Despite the continuing attempts of the Plaintiffs to rectify this situation, they have either been ignored, given false promises of rectification, and supplied contradictory and blatantly untrue explanations.

R. At all times relevant and material hereto the Defendants had no intention of honoring the Trial Modification agreement and instead commenced the filing of a State Court action in Foreclosure on July 14, 2014, after the date that the parties had entered into the Trial Modification agreement – all of which is in violation of the Truth-in-Lending Act, Real Estate Settlement and Procedures Act, Covenants of Good Faith and Fair Dealing and other applicable statutory and common laws.

S. In addition to the negligence, carelessness and intentional misrepresentation and concealment, all Defendants failed to properly service said note/mortgage specifically, but not by way of limitation in the following particulars:

   i.    By Failing to Provide Periodic billing statements (2013 TILA Servicing Final Rule).

   ii.   By Failing to Provide General servicing policies, procedures, and requirements (2013 RESPA Servicing Final Rule)

   iii.  By Failing to Provide Early intervention with alleged delinquent borrowers (2013 RESPA Servicing Final Rule).

   iv.   By Failing to Provide Continuity of contact with delinquent borrowers (2013 RESPA Servicing Final Rule).

T.  As a direct and proximate result of the conduct of all Defendants' conduct as hereinbefore and herein after set forth, the Plaintiffs did suffer severe and permanent financial and emotional damages and losses.

## COUNT ONE

### Common Law Fraud, Deceptive Practices

1.  Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

2.  Defendants, and all of them, through their agents, servants and employees, engaged in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the servicing of the  subject loan, specifically but not by way of limitation:

    a.  Failed to properly credit the account of the Plaintiff for payments timely and duly made in accordance with the terms of the debt instrument;

    b.  Alleging that Plaintiffs were in default and/or otherwise delinquent on his debt, when at all times any and all alleged delinquency and/or default was caused by the conduct of the Defendants in failing to properly credit the account of the Plaintiffs for payments timely and duly made in accordance with the terms of the debt instrument;

    c.  Misrepresenting and deceiving the Plaintiffs into believing that all errors in the crediting of payments made would be immediately adjusted and corrected, yet failing to take the necessary action to do so;

    d.  Improperly assessing and charging the Plaintiffs for late fees, interest and other penalties when at all times the Defendants knew or should and could

have known that such charges were inappropriate in light of payments timely and duly made in accordance with the terms of the debt instrument;

e.  Failing to advise the Plaintiffs via monthly statements containing, among other things, information on payments currently due and previously made, fees imposed, transaction activity, application of past payments, contact information for the servicer and housing counselors, and, where applicable, information regarding correction of contested delinquencies and charges

f.  Failing to establish or make good faith efforts to establish live contact with the Plaintiffs by the 36th day of the alleged delinquency and promptly inform the Plaintiffs, where appropriate, that loss mitigation options may be available. In addition, failing to provide the Plaintiffs a written notice with information about loss mitigation options by the 45th day of his alleged delinquency – thereby deceiving the Plaintiffs that their loan was current and in good standing;

3.  Alternatively, and or additionally, Defendants engaged in acts of omission, including but not limited to knowing concealment, suppression in omissions of material facts in connection with the subject loan balance.

4.  As a direct and proximate result of the aforesaid, the Plaintiffs loan was wrongfully alleged to be in default and Defendants have wrongfully pursued foreclosure, all of which has caused the Plaintiffs severe financial, physical and emotional damage and loss.

**WHEREFORE,** the Plaintiffs demand judgment against Defendants for damages, interests and costs of suit including:

        a.  Punitive and/or treble damages;

        b.  Damages as permitted by statute;

        c.  Counsel fees;

        d.  All other relief this Court deems necessary and just.

## COUNT TWO

### Violations of the Truth-in-Lending Act and

### the Real Estate Settlement and Procedures Act

5.    Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

6.    The transactions alleged in Background is a consumer transaction that involved the Defendants as a creditor lending money to the Plaintiff.

7.    At all times relevant Defendants were a creditor under the Federal Truth-in-Lending Act 15 U.S.C.A. § 1601 et. seq. (TILA);

8.    At all times relevant and material hereto Defendants were required to provide a periodic statement for each billing cycle containing, among other things, information on payments currently due and previously made, fees imposed, transaction activity, application of past payments, contact information for the servicer and housing counselors, and, where applicable, information regarding delinquencies.

9.    Despite this requirement the Defendants failed to provide any statements to the Plaintiff thereby deceiving the Plaintiffs that their loan was current and in good standing;

10. At all times relevant and material hereto Defendants were required to establish or make good faith efforts to establish live contact with the Plaintiffs by the 36th day of their alleged delinquency and promptly inform the Plaintiffs, where appropriate, that loss mitigation options may be available., and to provide the Plaintiffs a written notice with information about loss mitigation options by the 45th day of their alleged delinquency;

11. Despite this requirement the Defendants failed to make any such live contact with and failed to provide any such notice to the Plaintiffs thereby deceiving the Plaintiffs that their loan was current and in good standing;

12. At all times relevant and material hereto the Defendants violated the mandates of **PART 1024—REAL ESTATE SETTLEMENT PROCEDURES ACT**, specifically, but not by way of limitation, **§ 1024.17** - requiring the maintaining of an accurate escrow account balance and responding to inquiries from the Plaintiffs.

13. As a direct and proximate result of the aforesaid, the Plaintiffs' loan was wrongfully alleged to be in default and Defendants have wrongfully threatened foreclosure, all of which has caused the Plaintiffs severe financial, physical and emotional damage and loss.

**WHEREFORE,** the Plaintiffs demand judgment against Defendants for damages, interests and costs of suit including:

      a.  Punitive and/or treble damages;

      b.  Damages as permitted by statute;

      c.  Counsel fees;

      d.  All other relief this Court deems necessary and just.

## COUNT THREE

### Fair Debt Collection Practices Act

14. Plaintiffs hereby incorporates by reference all preceding paragraphs as if set forth at length herein.

15. Defendants have not provided Plaintiffs with accurate periodic statements, an accounting, payoff and reinstatement or debt verification, and/ or other information as was requested according to the Fair Debt Collection Practices act, 15 U.S.C. § 1601, et. seq.

16. At all times relevant and material hereto the Defendants have repetitively violated 15 U.S.C. § 1692f by collecting an amount from the Plaintiffs that was alleged not to be expressly authorized by agreement or permitted by law.

17. At all times relevant and material hereto the Defendants have repetitively violated 15 U.S.C. § 1692g by failing to provide the Plaintiffs with proper validation of debts.

18. As a direct result of the Defendants' failure to abide by the Fair Debt Collection Practices Act, the Plaintiffs were deceptively led to believe that their loan was current and in good standing, and/or that all errors regarding the application of payments received but not credited would be corrected

19. As a direct and proximate result of the aforesaid, the Plaintiffs' loan was wrongfully alleged to be in default and Defendants have wrongfully threatened foreclosure, all of which has caused the Plaintiffs severe financial, physical and emotional damage and loss.

**WHEREFORE,** the Plaintiffs demand judgment against Defendants for damages, interests and costs of suit including:

    a.  Punitive and/or treble damages;

    b.  Damages as permitted by statute;

    c.  Counsel fees;

    d.  All other relief this Court deems necessary and just.

## COUNT FOUR

**Violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law**

**(UTPCPL), 73 Pa. CS 201-1 et seq;**

20.    Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

21.    At all times relevant and material hereto the Plaintiffs were consumers of the Defendants' goods and services and as such the conduct of the Defendants and the transaction was governed by the **Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 Pa. CS 201-1 et seq.;**

22.    At all times relevant and material hereto the Defendants did violate **the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 Pa. CS 201-1 et seq.;** by engaging in deceptive and fraudulent practices, to wit:

    a.  Failed to properly credit the account of the Plaintiff for payments timely and duly made in accordance with the terms of the debt instrument;

    b.  Alleging that Plaintiffs were in default and/or otherwise delinquent on his debt, when at all times any and all alleged delinquency and/or default was caused by the conduct of the Defendants in failing to properly credit the

account of the Plaintiffs for payments timely and duly made in accordance with the terms of the debt instrument;

c.  Misrepresenting and deceiving the Plaintiffs into believing that all errors in the crediting of payments made would be immediately adjusted and corrected, yet failing to take the necessary action to do so;

d.  Improperly assessing and charging the Plaintiffs for late fees, interest and other penalties when at all times the Defendants knew or should and could have known that such charges were inappropriate in light of payments timely and duly made in accordance with the terms of the debt instrument;

e.  Failing to advise the Plaintiffs via monthly statements containing, among other things, information on payments currently due and previously made, fees imposed, transaction activity, application of past payments, contact information for the servicer and housing counselors, and, where applicable, information regarding correction of contested delinquencies and charges

f.  Failing to establish or make good faith efforts to establish live contact with the Plaintiffs by the 36th day of his alleged delinquency and promptly inform the Plaintiff, where appropriate, that loss mitigation options may be available. In addition, failing to provide the Plaintiffs a written notice with information about loss mitigation options by the 45th day of his alleged delinquency – thereby deceiving the Plaintiffs that their loan was current and in good standing;

g. Failing to establish or make good faith efforts to establish live contact with the Plaintiffs by the 36th day of their alleged delinquency and promptly inform the Plaintiffs, where appropriate, that loss mitigation options may be available. In addition, failing to provide the Plaintiffs a written notice with information about loss mitigation options by the 45th day of their alleged delinquency – thereby deceiving the Plaintiffs that their loan was current and in good standing;

h. Otherwise violating the Truth in Lending and Real Estate Settlement and Procedures Acts as hereinbefore set forth;

i. Otherwise violating the Fair Debt Collection Practices Act as hereinbefore set forth;

23. The actions of the Defendants were performed in direct contradiction to its promises to provide superior and legal loan servicing, but instead were performed for their own financial self-interests, in detriment to the rights and position of the Plaintiffs.

24. As a direct and proximate result of the aforesaid, the Plaintiffs' loan was wrongfully alleged to be in default and Defendants have wrongfully threatened foreclosure, all of which has caused the Plaintiffs severe financial, physical and emotional damage and loss.

**WHEREFORE,** the Plaintiffs demands judgment against Defendants for damages, interests and costs of suit including:

a. Punitive and/or treble damages;

b. Damages as permitted by statute;

c. Counsel fees;

d.  All other relief this Court deems necessary and just.

## COUNT FIVE

### Breach of Contract

25. Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

26. At all times relevant and material hereto the Defendant did breach the contractual terms of the loan/note by engaging in intentional, deceptive and fraudulent practices as hereinbefore set forth.

27. At all times relevant and material hereto the Defendants did breach their agreement and representations to provide affordable Modification designed to cure all past errors as hereinbefore set forth and allow the Plaintiffs to maintain their home;

28. At all times relevant and material hereto the Defendants did repetitively breach the covenant of good faith and fair dealing by engaging in intentional, deceptive and fraudulent practices as hereinbefore set forth.

**WHEREFORE,** the Plaintiffs demands judgment against Defendants for damages, interests and costs of suit including:

a.  Punitive and/or treble damages;

b.  Damages as permitted by statute;

c.  Counsel fees;

d.  All other relief this Court deems necessary and just.

## COUNT SIX

### DEFAMATION

29. Plaintiffs hereby incorporate by reference all preceding allegations as if fully set forth at length herein.

30. At all times relevant herein, Defendants have published statements both orally and through writing to various credit reporting agencies, collection agencies, and/or attorneys that are false and negative representations concerning Plaintiffs' credit information and history.

31. At a minimum, Defendants have published these statements each time Plaintiffs has reached out to Defendants and each time other credit reporting agencies reached out to Defendants and each time a credit reporting agency has reinvestigated any dispute raised by Plaintiffs, including but not limited to, the disputes identified herein.

32. The statements made by Defendants are false, as Plaintiffs never actually defaulted on any debt that she owed to Defendants.

33. Defendants have published these statements to a number of credit reporting agencies, including the three major credit bureaus.

34. Defendants knew, or should have known, that the statements that they made, going back to 2004 and continuing up to present were false when made and that it had no factual basis for making the statements that it did, as Plaintiff had notified Defendants that the statements were false for the aforementioned reasons and, nevertheless, Defendants continue to publish such statements up to and through the present time.

35. The written statements and publications are libel per se.

36. The oral statements and publications are slander per se.

37. In addition, and despite the repeated notices from Plaintiffs, Defendants have acted with malice by failing to communicate the information provided to it by Plaintiffs to credit reporting agencies when responding to the reinvestigation attempts of such credit reporting agencies.

38. The conduct of Defendants, dating back to 2014 and continuing repetitively up to present, were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages, and harm to Plaintiffs that are outlined more fully above and, as a result, Defendants are liable to compensate Plaintiffs for the full amount of actual, compensatory, and punitive damages, as well as other such relief, as permitted by law.

**WHEREFORE,** the Plaintiffs demand judgment against Defendants for damages, interests and costs of suit including:

        a.  Punitive and/or treble damages;

        b.  Damages as permitted by statute;

        c.  Counsel fees;

        d.  All other relief this Court deems necessary and just.

Dated:  May 16, 2017

Thomas Masciocchi, Esquire
Keaveney Legal Group
PA Attorney ID# 43755
1650 Market Street, Suite 3600
Philadelphia PA 19103
Tel. (800) 219-0931
Attorney for Plaintiff